# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | | |
|---|---|---|---|
| **HORACE LINTON BROWN** | * | | |
| Petitioner | * | | |
| v. | * | Criminal Case: | **PJM-06-0140** |
| **UNITED STATES OF AMERICA** | * | Civil Case: | **PJM-12-3355** |
| Respondent | * | | |
| | * | | |

## MEMORANDUM OPINION

Horace Brown, *pro* se, has filed a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside or Correct Sentence By A Person in Federal Custody [Paper No. 78] ("§ 2255 Motion") and a Motion for Summary Judgement [sic] [Paper No. 89]. Having considered the Motions and the Government's Response thereto, the Court holds Brown's § 2255 Motion **MOOT** in part and **DISMISSES** it in part. His Motion for Summary Judgment is **DENIED**.

### I.

On April 19, 2006, Brown pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). At sentencing, Brown sought to withdraw his guilty plea, a request which the Court denied. Brown was thereafter sentenced to 48 months imprisonment followed by two years of supervised release. The Fourth Circuit affirmed the Court's judgment on appeal. *United States v. Brown*, 261 Fed. App'x. 494 (4th Cir. 2008). Brown then filed a 28 U.S.C. § 2255 Motion to vacate his sentence, which the Court also denied. *Brown v. United States*, CIV. PJM 09-29, 2010 WL 105718 (D. Md. Jan. 5, 2010). Brown's appeal of the denial of his § 2255 Motion was subsequently dismissed by the Fourth Circuit, and his petition for writ of certiorari to the Supreme Court denied.

While on supervised release following his incarceration, the Court found Brown in violation of the term of his supervised release that prohibited him from having unsupervised contact with minor children without the permission of the Probation Officer. As a result, the Court revoked Brown's supervised release and sentenced him to 24 months of incarceration, followed by 10 years of supervised release.[1] Brown appealed, challenging, among other things, the Court's authority to impose a 10 year term of supervised release. On appeal, the Government agreed with Brown's arguments and, based on a joint motion by the parties, the Fourth Circuit remanded the case to this Court for a re-sentencing. On remand, the Court re-sentenced Brown to 24 months of imprisonment with no supervised release term to follow.

While his appeal of the sentence imposed for the supervised release violation was still pending, Brown, *pro se*, filed the present § 2255 Motion, despite being represented by counsel. For the reasons that follow, Brown's Motion to Vacate is deemed **MOOT** in part and will otherwise be **DISMISSED**.

**II.**

In his § 2255 Motion, Brown argues that (1) the sentence after his supervised release was revoked was illegal; (2) his plea deal for the underlying offense of possession of child pornography was in violation of Fed. R. Crim. P. 11; and (3) he was denied the effective assistance of counsel in connection with his guilty plea.

The Government's Response to the Motion, also filed while Brown's appeal was pending, argues that the District Court should not consider a § 2255 Motion while an appeal is pending. Although the Court agrees with the Government, since the appeal is no longer pending,

---

[1] Brown was found to be in violation of his Supervised Release in Cr. No. 06-0140-PJM as well as in Cr. No. 07-0529-PJM (Escape from Federal Custody). His present Motion to Vacate was only filed in the 06-0140 case, but the sentence for his violation of Supervised Release was imposed in both cases.

2

the Court may now consider the §2255 Motion. *See, e.g., Walker v. Connor*, 72 F. App'x 3, 4 (4th Cir. 2003) (finding that where petitioner filed his § 2255 motion while direct appeal pending, the "motion would have been premature at that time" but "[b]ecause we recently issued a decision on direct appeal, [petitioner]'s § 2255-type claims are now ripe for disposition"). After reviewing Brown's arguments, the Court dismisses the remaining claims.

**A.**

Ground One of Brown's Motion to Vacate challenges the Court's authority to impose an additional term of supervised release after a term of imprisonment on the violation for supervised release. This ground mirrors Brown's argument on appeal. The Court's re-sentencing after the Fourth Circuit remand resulted in precisely the relief Brown sought on appeal as well as what he seeks in his Motion to Vacate. Since Brown no longer faces a term of supervised release after his current term of imprisonment, Ground One is moot.

**B.**

Grounds Two and Three challenge Brown's underlying conviction, and more specifically, the events surrounding his guilty plea. As an initial matter, Brown is not currently incarcerated on the underlying conviction, so it is not entirely clear what relief he seeks. More to the point, however, is the fact that Brown previously filed a § 2255 Motion to Vacate his underlying conviction, which was denied by the Court on January 5, 2010. Absent leave from a federal court of appeals, he is not authorized to file successive § 2255 motions:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Since Grounds Two and Three concern Brown's underlying conviction, which the Court has already considered in the previous § 2255 motion, his present motion is a successive one. Brown has not received the proper certification from the Fourth Circuit. Consequently, this Court may not consider the merits of his claim unless and until he receives certification. Grounds Two and Three of the Motion to Vacate will be dismissed for lack of jurisdiction.

### III.

While his § 2255 Motion was pending, Brown also filed a Motion for Summary Judgment arguing that the Government's failure to timely respond to his motion should result in the granting of his Motion to Vacate. Inasmuch as Brown's Motion is moot as to Ground One and dismissed as to Grounds Two and Three, his Motion for Summary Judgment will be denied.

### VII.

For the foregoing reasons, Brown's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside or Correct Sentence By A Person in Federal Custody [Paper No. 78] is **MOOT** as to Ground One and **DISMISSED** as to Grounds Two and Three. Accordingly, his Motion for Summary Judgement [sic] [Paper No. 89] is **DENIED**.

A separate Order will **ISSUE**.

               /s/               
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**February 12, 2014**