IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| Respondent | * | |
| | * | |
| v. | * | Criminal No. **PJM 06-0140** |
| | * | |
| | * | |
| **HORACE BROWN** | * | |
| | * | |
| Petitioner | * | |
| | * | |

## MEMORANDUM OPINION

Horace Brown, *pro se*, pursuant to Federal Rule of Civil Procedure 60(b), has filed a Motion for Relief from Judgment requesting that his conviction be vacated. ECF No. 108. The Court has considered the Motion and the Government's Opposition. For the reasons that follow, the Motion is **DENIED.**

### I.  FACTUAL AND PROCEDURAL BACKGROUND

On April 19, 2006, Brown pled guilty to a single count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). At sentencing, he sought to withdraw his guilty plea. The Court denied his request and sentenced him to 48 months imprisonment followed by two years of supervised release. The Fourth Circuit affirmed the judgment and sentence on appeal. *United States v. Brown*, 261 Fed. App'x. 494 (4th Cir. 2008).

Brown subsequently filed a 28 U.S.C. § 2255 Motion to Vacate his sentence, which the Court also denied. ECF Nos. 29, 35. Brown's appeal of the denial of this motion was dismissed by the Fourth Circuit, and his petition for writ of certiorari to the Supreme Court denied.

While on supervised release following his incarceration, the Court found Brown in violation of the term of his supervised release that prohibited him from having unsupervised contact with minor children without the permission of the Probation Officer. As a result, the Court revoked his supervised release and sentenced him to 24 months of incarceration, followed by 10 years of supervised release. Brown appealed, challenging, among other things, the Court's authority to impose a 10 year term of supervised release. On appeal, the Government agreed with Brown's arguments and, based on a joint motion by the parties, the Fourth Circuit remanded the case to this Court for re-sentencing. On remand, the Court re-sentenced Brown to 24 months of imprisonment with no supervised release term to follow.

On November 15, 2012, while his appeal of the sentence imposed for the supervised release violation was still pending, Brown, *pro se*, filed a second § 2255 motion, despite being represented by counsel. ECF No. 78. The Court dismissed the second petition on February 12, 2014, for lack of jurisdiction because Brown had not received the required certification from the Fourth Circuit to file a successive habeas petition. ECF No. 105.

On September 30, 2014, Brown filed the present Motion. ECF No. 108. He argues that Federal Rule of Civil Procedure 60(b) provides him a remedy because he has discovered "new evidence" that shows his counsel was ineffective in advising him regarding his plea. On August 1, 2017, the Government filed its opposition. ECF No. 111. Brown, who is no longer in custody or on supervised release, has not replied. The Court **DENIES** the Motion.

## II.     ANALYSIS

### A. *Legal Standard*

Federal Rule of Civil Procedure 60(b) provides for relief from a final judgment for: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with

reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); [or] (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(1)-(3). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

However, Rule 60(b) may not be used as a vehicle to circumvent the rule prohibiting successive § 2255 petitions. Absent authorization from the Fourth Circuit, a defendant's successive § 2255 motion is barred and a district court must deny the motion for lack of jurisdiction. *See* 28 U.S.C. § 2255(h); *United States v. Winestock,* 340 F.3d 200, 205 (4th Cir. 2003). Rule 60(b) motions should be construed as successive applications for relief under § 2255 when it appears that a defendant is attempting to file the "functional equivalent" of a § 2255 petition. *See Winestock*, 340 F.3d at 206 ("We now hold that district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application."). Thus, if the Court construes a Rule 60(b) motion as a successive § 2255 petition filed without leave from the Fourth Circuit, it must deny the claims without reaching the merits.

### B. Brown's Motion for Relief

As the Government suggests, Brown's Motion is undoubtedly the functional equivalent of a successive § 2255 petition.[1] He raises the same arguments from his previous § 2255 motions in an attempt to relitigate his conviction and sentence. He characterizes his claim that he was misinformed during plea negotiations as to the maximum penalty for his crime under 18 U.S.C.

---

[1] Even if the Court were inclined to treat Brown's Motion as properly pled under Rule 60(b), the outcome would be the same. His motion was not filed within a year of the criminal judgment he seeks to have vacated and, thus, is untimely. Fed R. Civ. P. 60(c).

§ 2252A(a)(5)(B) as "new evidence." However, as he states in his own pleading, the true maximum penalty was information "readily available" at the time. ECF No. 108 at 4. This is not the type of "new evidence" contemplated by the Rule. Similarly, it does not qualify as mistake or fraud. Rather, Brown is merely using Rule 60(b) language to reframe his previously unsuccessful ineffective assistance of counsel argument. Because he has not received authorization from the Fourth Circuit to file another habeas petition, the Court lacks jurisdiction to consider his Motion. *See* 28 U.S.C. § 2255(h); *Winestock*, 340 F.3d at 205.

### III. CONCLUSION

For the foregoing reasons, Brown's Rule 60 Motion for Relief from Judgment is **DENIED**.

A separate Order will **ISSUE**.

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**September 27, 2017**