# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HORACE LINTON BROWN, | * | |
| Petitioner | * | |
| v. | * | Civil Action No. PJM-17-2989 (Related Crim. Case PJM-06-140) |
| UNITED STATES OF AMERICA, | * | |
| Respondent | * | |
| | *** | |

## MEMORANDUM OPINION

The above-captioned Motion to Vacate was filed on October 4, 2017. ECF 114. On April 19, 2006, Brown pled guilty to a single count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). At sentencing, he sought to withdraw his guilty plea. The Court denied his request and sentenced him to 48 months imprisonment followed by two years of supervised release. The Fourth Circuit affirmed the judgment and sentence on appeal. *United States v. Brown*, 261 Fed. App'x. 494 (4th Cir. 2008). Brown subsequently filed a 28 U.S.C. § 2255 Motion to Vacate his sentence, which the Court also denied. ECF Nos. 29, 35. Brown's appeal of the denial of this motion was dismissed by the Fourth Circuit, and his petition for writ of certiorari to the Supreme Court denied.

While on supervised release following his incarceration, the Court found Brown in violation of the term of his supervised release that prohibited him from having unsupervised contact with minor children without the permission of the Probation Officer. As a result, the Court revoked his supervised release and sentenced him to 24 months of incarceration, followed by 10 years of supervised release. Brown appealed, challenging, among other things, the Court's authority to impose a 10 year term of supervised release. On appeal, the Government agreed with

Brown's arguments and, based on a joint motion by the parties, the Fourth Circuit remanded the case to this Court for re-sentencing. On remand, the Court re-sentenced Brown to 24 months of imprisonment with no supervised release term to follow.

On November 15, 2012, while his appeal of the sentence imposed for the supervised release violation was still pending, Brown, *pro se*, filed a second § 2255 motion, despite being represented by counsel. ECF No. 78. The Court dismissed the second motion on February 12, 2014, for lack of jurisdiction because Brown had not received the required certification from the Fourth Circuit to file a successive habeas petition. ECF No. 105.

On September 30, 2014, Brown filed a "Rule 60(b)" Motion. ECF No. 108. He argued that Federal Rule of Civil Procedure 60(b) provided him a remedy because he had discovered "new evidence" that showed his counsel was ineffective in advising him regarding his plea. The Court denied the Motion finding that he was not entitled to Rule 60(b) relief and that the Motion was the functional equivalent of a successive §2255 petition. ECF No. 112.

Brown's current filing entitled "Motion for Relief from Violation of Constitutional Rights and New Evidence of Ineffective Assistance of Counsel," raises the same claims previously litigated regarding Brown's guilty plea and is undoubtedly a successive §2255 petition. ECF No. 114.

As Brown has previously been advised, under 28 U.S.C. §2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain−(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

.
Petitioner has not received the proper certification from the Fourth Circuit Court of Appeals. Consequently, this Court may not consider the merits of the claim.

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization Order.  The procedural requirements and deadlines for filing the motion are extensive.  Consequently, this Court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition with the appellate court.  It is to be emphasized that Petitioner must file the pleading with the Fourth Circuit Court of Appeals and obtain authorization to file a successive petition before this Court may examine the claims.

In addition to the above analysis, a certificate of appealability must be considered.  Unless a certificate of appealability ("COA") is issued, a petitioner may not appeal the Court's decision in a § 2255 proceeding.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).  A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  The denial of a COA does not preclude a petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission.  Because Petitioner has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a COA.

A separate Order follows.

October 26, 2017

_____/s/_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE